IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:24-CR-543-3 |
| | § | |
| DARVI HINOJOSA (3) | § | |

### DEFENDANT DARVI HINOJOSA'S MOTION TO REVOKE THE MAGISTRATE'S DETENTION ORDER

TO THE HONORABLE KEITH ELLISON:

Darvi Hinojosa, Defendant, pursuant 18 U.S.C. § 3145 respectfully moves this Court to revoke the Detention Order entered on November 1, 2024, by the Honorable Magistrate Yvonne Ho (ECF #22, attached as **Exhibit A**).

## I. INTRODUCTION

Mr. Hinojosa has been detained for over fourteen months based largely on false testimony that a substance found in his bedroom was cocaine. On December 22, 2025, the Government informed Counsel that this assertion was incorrect, the substance was lidocaine, not cocaine *See* **Exhibit B** attached. This error was a central factor in the Magistrate's decision to deny bond. Continued detention under these circumstances undermines due process. Mr. Hinojosa has not previously sought review of the Magistrate's Order however considering this new evidence, Mr. Hinojosa respectfully requests that this Court revoke the detention order and allow conditional release under stringent conditions, including active GPS monitoring, while awaiting trial.

1

## II. PROCEDURAL HISTORY

1.      Mr. Hinojosa was arrested on October 29, 2024, and has been in continuous custody since that date.

2.      The original indictment charged attempted murder in aid of racketeering, in violation of 18 U.S.C. 1959(a)(5) and 2; and using, carrying brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c)(1)(A)(iii) and 2.  On February 11, 2025 a Superseding Indictment was issued and on April 10, 2025 a Second Superseding Indictment was issued. The Second Superseding Indictment charges Mr. Hinojosa with nine counts, including conspiracy and possessions of "detectable amount of cocaine".   The primary accusation against Mr. Hinojosa is that he directed the activities of others within a motorcycle gang, and those individuals committed violent acts allegedly at his direction.  Hinojosa refutes these allegations.

3.      At the bond hearing on October 31, 2024, Trooper Joshua Lyons testified that Mr. Hinojosa is a member of the Bandidos Motorcycle Club and tied him indirectly to the violent events charged in the Second Superseding Indictment in this case. The first incident Mr. Hinojosa was tied to is related to a fight at Bimboz Bar and Grill on February 23, 2023.  There was no evidence that Mr. Hinojosa participated in that altercation.  The second event is related to an incident on June 2, 2023, near Winters Bar. At the hearing there was no testimony nor evidence that Hinojosa was present during the incident.

4.      Trooper Lyons did, however, testify and introduced photographs asserting that agents found a bag of cocaine in Mr. Hinojosa's bedroom at the time of his arrest. *See*

ECF. 55, Transcript of Detention Hearing at page 51: "Exhibit 12 is a bag of cocaine that was in Mr. Hinojosa's residence, which is a violation of the bond conditions." At the time, Mr. Hinojosa was on state bond arising from April 2024 arrests in Fort Bend County and Harris County related to conduct now charged in Counts 18 through 21 of the Second Superseding Indictment.

5. This falsity was repeated by the government in their argument in support of Detention, *Id* at 85. Magistrate Ho relied heavily on this alleged bond violation, cutting off defense counsel's argument on the ground that Mr. Hinojosa was not in compliance with his state bonds because of the cocaine found in his room. *Id* at 86-87. When defense counsel stated correctly that the substance in Mr. Hinojosa's room was lidocaine, not cocaine, the falsity was nevertheless reiterated. *Id* at 91.

6. In announcing her oral ruling, Magistrate Ho again relied on the alleged cocaine possession:

> *"...And also that despite being released on conditions by the state court, Mr. Hinojosa did not comply with those conditions because he continued to possess narcotics even while on release. So I have no confidence that any conditions would be sufficient to ensure that he would not pose a danger to the community"*

*Id* at 92-93.

7. Magistrate Ho did not find that Hinojosa was a flight risk. Detention was based solely on danger to the community stemming in part from the alleged cocaine possession. The written order likewise relied on the assertion, concluding "given all the evidence, the Court finds no condition or combination of conditions would adequately

3

protect the public if Defendant were released.  To the contrary, a search of Defendant's residence following his arrest on federal charges found a bag of cocaine in his room. That clearly violated his state court bond.  Defendant's disregard of state-court release conditions makes it unlikely he would comply with any conditions of federal release …" (*See* Exhibit A at 3).

8. In fact, Mr. Hinojosa had no prior criminal history at the time of his detention.  After his April 2024 state arrests, he was granted bond, surrendered his passport, appeared in court, and was granted travel permission. Both cases were reset multiple times all while Mr. Hinojosa complied with all conditions.  Both cases were dismissed in November 2024, following the filing of this federal case.  In neither case was a motion to revoke bond filed. Mr. Hinojosa remained compliant with all state-imposed release conditions until federal agents arrested him on October 29, 2004.  The federal detention order stated that Mr. Hinojosa violated a state court bond when narcotics were found at his residence. However, there is no record in either state docket of a motion to revoke bond or any contempt proceedings.

### III. LEGAL STANDARD

Under the Eighth Amendment and the Bail Reform Act of 1984, pretrial detention must serve a compelling governmental interest, and detention may be imposed only when no condition or combination of conditions can reasonably assure the appearance of the defendant or the safety of the community. A defendant may seek review of a magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b). When detention rests on

materially false or erroneous information, continued detention violates the Bail Reform Act and due process.

## IV. CONDITIONS THAT CAN REASONABLY ASSURE COMMUNITY SAFETY

If there is concern over alleged danger, the Court has ample tools short of detention to mitigate that risk, including 24/7 home detention with GPS monitoring, restricted communication with co-defendants, prohibition on use of encrypted communication apps, regular visits by Pretrial Services, third-party custodianship, possibly by his mother or common-law partner, both offered at the initial hearing.

## V. CONCLUSION

Mr. Hinojosa has rebutted the presumption that he cannot safely be released. The primary basis for detention, the alleged cocaine, has been disproven. The government's other allegations, while serious, rely on attenuated and indirect evidence, most of which can be countered through strict release conditions. Continued detention would violate the principles of due process and the presumption of innocence, particularly as Mr. Hinojosa's trial continues to be delayed.

WHEREFORE, Defendant Darvi Hinojosa respectfully requests that this Court revoke the detention order and impose strict conditions of release, including 24/7 home confinement and GPS monitoring.

Respectfully Submitted,

*/s/ Charles Flood*
Charles Flood
FLOOD & FLOOD
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877
Email: charles@floodandflood.com
Federal I.D. No. 22508

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Charles Flood*
Charles Flood

## CERTIFICATE OF CONFERENCE

Assistant U.S. Attorney Byron Black in opposed to this motion.

*/s/ Charles Flood*
Charles Flood