# Exhibit A

AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

## UNITED STATES DISTRICT COURT

ENTERED
November 01, 2024
Nathan Ochsner, Clerk

for the

Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 4:24-cr-543-1 |
| Darvi Hinojosa | ) | |
| *Defendant* | ) | |

# ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:

**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Compelling evidence showed that Defendant Darvi Hinojosa, acting as an enforcer for the "Welcome to Hell" chapter of the Bandidos Outlaw Motorcycle Gang, directed and coordinated the attempted murder of a rival gang's member on a Houston/Pasadena roadway. The Court finds no condition or combination of conditions could adequately protect the community if he were released.

Defendant has a position of authority within a local chapter of the Bandidos, a notorious gang that engages in criminal conduct. Their criminal activities include narcotics and firearm trafficking, assault, murder, and witness tampering. Within the Bandidos' paramilitary structure, Defendant carries the rank of Sergeant at Arms, responsible for enforcing the chapter's rules and handing out "discipline," including physical attacks.

But the evidence of Defendant's danger goes beyond mere titles. First, as directly relevant to the pending charges, the Government's investigation revealed that Hinojosa instructed two Bandidos members (or prospective members), Steven Alms and John Sblendorio, to intercept and shoot a member of a rival gang, Brothers East (a/k/a "Beast"), in the early morning hours of June 3, 2023. This was supported by extensive cell-site data, coupled with details from call records and text messages. The victim was shot seven times and only miraculously survived.

In addition, phone location and communication data showed that Defendant, while previously a probationary Bandidos member, was likely involved in a prior shooting on November 2, 2021, which killed one Beast member and seriously wounded another. Similarly, video evidence suggests that Defendant participated in an assault and robbery of numerous members of another motorcycle club (the Gray Beards) at a local bar. Indeed, Defendant's phone included photos of Gray Beards' vests ("cuts") that were taken off those individuals' bodies after the assault.

Second, the Government also showed that Defendant is trafficking controlled substances. On numerous occasions, Defendant sold cocaine, as captured through surveillance by law enforcement and confirmed through Defendant's text messages. Distributing illicit substances only underscores the danger posed by Defendant's release. Defendant's lack of prior criminal history does not override his engagement in violent and dangerous conduct.

Given all this evidence, the Court finds no condition or combination of conditions would adequately protect the public if Defendant were released. To the contrary, a search of Defendant's residence following his arrest on federal charges found a bag of cocaine in his room. That clearly violated his state court bond. Defendant's disregard of state-court release conditions makes it unlikely he would comply with any conditions of federal release. Moreover, returning Defendant to live at his residence is not an option. The case agent testified that Defendant's father, who lives with Defendant, belongs to a Bandidos support club and is also dealing drugs. Accordingly, it is **ORDERED** that Defendant Darvi Hinojosa be **DETAINED** pending trial.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  November 1, 2024

United States Magistrate Judge