**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal Cause No. 4:24-CR-543** |
| | § | |
| **ROY GOMEZ, et. al** | § | |
| | § | |
| **Defendants** | § | |

# UNOPPOSED DEFENDANT'S MOTION FOR CONTINUANCE & OPPOSED MOTION FOR SEVERANCE

TO THE HONORABLE KEITH P. ELLISON, U.S. DISTRICT JUDGE:

NOW COMES, **ROY GOMEZ (#7)**, Defendant in the above entitled and numbered cause, by and through his attorney of record, **ROMY B. KAPLAN**, submits this Unopposed Motion for Continuance and Opposed Motion for Severance. For good cause, Defendant Gomez shows as follows:

1. The Defendant was originally arrested on November 20, 2020, and charged with the state criminal offense of murder in Harris County. He was given a bond with conditions until he was Federally indicted on February 11, 2025. Roy Gomez was arrested on February 20, 2025, and appeared before Magistrate Judge Palermo. On the same day, previous counsel was appointed.

2. The Government obtained a second superseding indictment on April 10, 2025, for allegations of racketeering conspiracy, assault with a dangerous weapon in aid of racketeering; using, carrying, brandishing and discharging a firearm during and in

relation to a crime of violence; using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence resulting in death; felon in possession of a firearm; and receipt of a firearm while under indictment for a felony.

3. Aside from the RICO conspiracy, the Defendant's main criminal allegation stems from facts arising from the Hawg Stop shooting on September 26, 2020. (Defendant filed a motion to suppress firearm evidence [Doc. 409] obtained on February 19, 2025 which formed the basis of Count 27 and 28.) The Defendant is not alleged to have participated in any other incident outside of the shooting at Hawg Stop on September 26, 2020.

4. On July 10, 2025, current defense counsel was appointed to represent the Defendant and took over the representation.

5. On September 11, 2025, the Government moved to certify this case a complex (Doc. 324) and the Court granted the motion on September 15, 2025 (Doc. 326).

6. On May 21, 2026, for the first time, the Government obtained a warrant, 4:26-mc-6195, for the DNA of the Defendant to use as a known sample in order to compare to DNA evidence recovered at the scene of the Hawg Stop on September 26, 2020.

7. On August 28, 2026, AUSA Byron Black and Kelly Zenon-Matos, informed defense counsel that the DNA testing of the Defendant's known sample "might be done before trial. However, (HCIFS Case Manager) could not promise that it would be completed before trial, and indeed it may be complete during or immediately after trial."

8. The forensic DNA reports provided in discovery did not include the Defendant as a contributor to DNA located on the only firearm recovered at the Hawg Stop, nor on the body of the complainant. In fact, the forensic DNA report indicated that co-Defendant #1 John Pfeffer is "approximately 27 quadrillion times more likely" to be a source of the

mixture DNA profile obtained from the front barrel area swab of the Springfield handgun recovered at the Hawg Stop on September 26, 2020. (USA-102454).

9. The forensic DNA reports indicated co-Defendant John Pfeffer #1 is the contributor of the DNA recovered from the right hand of complainant Adam Burns. (USA-102446). The Defendant is not included in the DNA testing.

10. The absence of forensic evidence connecting the Defendant to the shooting at the Hawg Stop on September 26, 2020, is a crucial aspect of the Defendant's defense.

11. The Defendant's exclusion as a DNA contributor to the forensic evidence samples from the Hawg Stop is clearly exculpatory evidence. If the DNA evidence excludes the Defendant after trial and a conviction is obtained, newly discovered exculpatory evidence would require a new trial.

12. If a continuance is denied and the DNA evidence testing indicates the Defendant's DNA was recovered from the Hawg Stop in the middle of trial, defense counsel would not be able to investigate the report, obtain expert testimony to challenge, conduct its own independent testing, and/or completely reverse the Defendant's trial presentation after presenting a case based on an absence of the Defendant's forensic evidence of the only weapon found at the Hawg Stop.

13. The Government is unopposed to the Defendant's request for a continuance.

14. Defense counsel has not obtained the position of every remaining co-Defendant on a continuance; however, attorney Richard Kuniansky has indicated his opposition to a continuance request on behalf of his client on August 31, 2026. Moreover, based on prior opposition to a continuance for Speedy Trial purposes, more co-Defendants will likely

oppose such a request. Nonetheless, defense counsel is ethically obligated to request such a continuance.

15. The Defendant is seeking a severance from the remaining co-Defendants. Fed. R. Crim. P. 14(a) authorizes the Court to sever defendants for separate trials when joinder "appears to prejudice a defendant". Forcing the Defendant to go to trial and potentially learn mid-trial newly completed DNA forensic testing inculpates the Defendant is highly prejudicial. Alternatively, not allowing the Defendant to present exculpatory forensic evidence in his defense would violate his Constitutional right to present a defense that would require a new trial.

16. A district court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants…" *Zafiro v. Unites States*, 506 U.S. 534, 539 (1993). By not granting the Defendant a severance, forcing him to trial, and having to learn mid-trial that new forensic evidence inculpates him without time or opportunity to investigate, would prejudice the Defendant's right to due process.

17. Severance requires a showing of specific and compelling prejudice against which the district court could not provide adequate protection. *United States v. Stalnaker*, 571 F. 3d 428, 434-435 (5th Cir. 2009). Learning mid-trial newly obtained DNA evidence testing indicates the Defendant's DNA was found on the complainant's body and/or only firearm recovered at the Hawg Stop is a specific and compelling prejudice. That prejudice can be alleviated by granting the Defendant a severance.

18. Granting a severance would also respect the rights of those co-Defendants who are standing on their right to a speedy trial.

19. At the time of drafting this motion, the Government disclosed at 2:08pm, a 4th volume of discovery, released on USAFx, which contains 9.45GB of discovery evidence.

20. Assistant United States Attorney Byron Black is UNOPPOSED to the Defendant's motion for a continuance but is opposed to the Defendant's motion for a severance.

21. The positions of each Defendant, through their counsel, on this continuance was not obtained with the exception of the position of Richard Kuniansky.

22. This motion is not made for delay, but to see that justice is done. The Government will not be prejudiced by the granting of this motion.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests this Court grant the Defendant's motion for continuance and motion for severance.

Respectfully submitted,

LAW OFFICE OF ROMY B. KAPLAN

*/s/ Romy B. Kaplan*
Texas Bar 24077851
5300 Memorial Drive, Suite 750
Houston, TX 77007
Office: 281-969-3725
Email: RomyBK@makethemproveit.com

ATTORNEY FOR DEFENDANT GOMEZ

## CERTIFICATE OF CONFERENCE

On August 28, 2026, I conferred with Assistant United States Attorney, Byron Black and Kelly Zenon-Matos, in regards to this motion on the phone and they are unopposed to the granting of the Defendant's continuance but opposes a severance.

*/s/ Romy B. Kaplan*
Romy B. Kaplan

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the attached and foregoing document has been served on the Assistant United States Attorney assigned to this case by Electronic Filing on August 31, 2026.

*/s/ Romy B. Kaplan*
Romy B. Kaplan